# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IMMANUEL J. KYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 5257 |
| ) | |
| MEGAN J. BRENNAN, Postmaster General, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Immanuel Kyle is a former mail handler for the United States Postal Service (USPS). He has sued Postmaster General Megan J. Brennan, alleging that USPS retaliated against him based upon his prior disability-based litigation. Mr. Kyle seeks relief under the Rehabilitation Act. He claims he was denied complete health benefit restoration because USPS refused to comply with document requests made by the Office of Workers Compensation Programs (OWCP). He contends that USPS Health and Resource Management Specialist Palmaline Daniels knew of his disability and prior EEO litigation and that this motivated her to interfere with his receipt of proper OWCP benefits. USPS has moved to dismiss, arguing that the Court lacks jurisdiction to adjudicate Mr. Kyle's claim.

## Background

On December 17, 2015, OWCP sent Mr. Kyle a letter accepting a claim for benefits with regard to certain occupational diseases related to his foot. In this letter,

OWCP instructed Mr. Kyle to utilize a Form CA-7 to claim compensation for work lost due to his condition. On July 19, 2016, Mr. Kyle sought compensation for leave without pay from July 14 to July 18, 2016. On August 2, 2016, OWCP sent Mr. Kyle and USPS a response seeking additional information from USPS necessary to determine the correct compensation rate. OWCP informed Mr. Kyle that in the meantime his compensation would be calculated using a temporary rate, subject to future adjustment.

Mr. Kyle sent USPS three separate requests to provide OWCP with the required information. The parties disagree about whether USPS provided the appropriate information regarding Mr. Kyle's benefits claim. Though evidence suggests Ms. Daniels may have provided the necessary information via telephone, Mr. Kyle suspects this documentation is fraudulent. Regardless, on October 24, 2016, OWCP sent a letter to Mr. Kyle and USPS outlining his entitlement to compensation benefits. On December 1, 2016, Mr. Kyle filed an additional claim with OWCP based on USPS's refusal to provide his documentation. OWCP rejected this claim on June 1, 2017.

Mr. Kyle filed an internal EEO complaint against USPS on December 13, 2016, alleging that USPS's refusal to provide documentation was in retaliation for prior EEO activity. On December 29, 2016, a final agency decision deemed his claim a "collateral attack" on the OWCP process that was not cognizable via the USPS EEO process. After an appeal, the EEOC's Office of Federal Operations affirmed the dismissal of Mr. Kyle's complaint. Mr. Kyle then filed the present lawsuit.

In his complaint, Mr. Kyle asks the Court to order the USPS to comply with all OWCP document requests and refrain from further interference with the OWCP process. He also seeks to bar the Central Illinois District Injury Compensation Unit

(CIDICU) from interfering with his past, present, and future compensation claims. Finally, Mr. Kyle seeks damages for loss of benefits.

In her motion to dismiss, Ms. Brennan argues this Court lacks subject matter jurisdiction over Mr. Kyle's case and argues in the alternative that Mr. Kyle has state a claim. In his response to this motion, Mr. Kyle cites a criminal statute, 18 U.S.C. § 1922, as the "true basis" for his complaint. After Ms. Brennan filed her reply brief, Mr. Kyle moved to strike it, citing Fed. R. Civ. Proc. 12(f), 11(b)(3), 11(b)(4), and 9(b).

**Discussion**

On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). The Federal Employees Compensation Act (FECA) establishes the Secretary of the U.S. Department of Labor (DOL) as the exclusive arbiter of issues regarding federal workers' compensation benefits and proscribes judicial review of such decisions. 5 U.S.C § 8128(b)(2). The Supreme Court has interpreted section 8128(b) as "an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1990) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 780 n. 13 (1985)). An employee dissatisfied with a benefits decision can appeal within the DOL's administrative process. 5 U.S.C. § 8124.

"As a subdivision of the Department of Labor, the OWCP's decision to award or deny benefits is not subject to judicial review." *Kroggel v. Runyon*, No. 92-1995, 1993 WL 164625, at *3 (7th Cir. 1993) (unpublished). In *Kroggel*, a postal employee filed a disability discrimination suit against both USPS and DOL, claiming a USPS supervisor

3

submitted false information to the OWCP. *Id.* at *1. Because the plaintiff sought relief for denial of OWCP benefits, the Seventh Circuit held only the Secretary of Labor had jurisdiction to redress the claim. *Id.* at *3. *See Brown v. U.S. Postal Serv.*, 67 F. App'x 368, 370 (7th Cir. 2003) (upholding dismissal of discrimination claim accusing USPS of interfering with OWCP benefits determination, as "such decisions are not subject to review by other federal agencies or the courts"); *see also Czerkies v. U.S. Dept. of Labor*, 73 F.3d 1435, 1443 (7th Cir. 1996) (en banc) (affirming dismissal of "claim for benefits 'cloaked in constitutional terms'"). Even where a plaintiff does not disagree with OWCP's benefits determination, section 8128(b) blocks federal court jurisdiction over any claim that requires a review of a benefits determination. *See White v. Kilgore*, No 1:10-CV-00053, 2011 WL 144916, at *4 (E.D. Tenn. Jan. 18, 2011). In *White*, a former employee filed a discrimination suit against the Tennessee Valley Authority for failing to send his CA-7 form to the OWCP and for interfering with his OWCP benefits by submitting false information. *Id.* at *2-3. Though the plaintiff did not "explicitly challenge OWCP's decisions," the district court dismissed the claim because the relief sought, an award of benefits denied, required a review of OWCP's decision to deny benefits. *Id.* at *4.

In this case, this Court lacks subject matter jurisdiction, because Mr. Kyle's complaint requires a review of OWCP's decision to deny benefits. In his complaint, Mr. Kyle seeks compensation based on the failure to restore what he contends are his proper benefits. He also requests injunctive relief to prevent USPS and CIDICU from interfering with his benefits claim. Although Mr. Kyle does not describe what CIDICU is or how it interfered with his benefits, an injunction against USPS or CIDICU would be

4

aimed at remedying the deprivation of his benefits. In short, like the plaintiff in *Kroggel*, Mr. Kyle asks this Court to review OWCP's actions. In his reply, Mr. Kyle clarifies that he does not disagree with OWCP's decision, because he views the agency's final decision to be in his favor. The parties' briefs reflect that they disagree over the existence of an OWCP final decision. Nevertheless, under the view most favorable to the plaintiff, Mr. Kyle wants USPS to provide the necessary information so that OWCP will award his proper benefits. And although Mr. Kyle argues that a review of OWCP's benefits determination is unnecessary, as in *White*, any evaluation of Mr. Kyle's retaliation claim would require this Court to determine whether he suffered an adverse employment action, which in turn would require the Court to assess whether he was entitled to benefits different from those OWCP awarded. In short, Mr. Kyle's complaint necessitates an evaluation of OWCP's actions. Because FECA bars review of OWCP benefit awards, this Court lacks subject matter jurisdiction over Mr. Kyle's claim.

In his reply, Mr. Kyle identifies 18 U.S.C. § 1922 as the "true basis for the complaint." However, there is no private right of action under this criminal statute.

Finally, Mr. Kyle filed a motion to strike the entirety of Ms. Brennan's reply for putting forth false and misleading statements. The Court denies the motion. Though the parties may have different views of the relevant events, the Court has disregarded Ms. Brennan's statements in the reply to the extent they are inconsistent with the relevant records or contradict well-pleaded allegations in Mr. Kyle's complaint.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss and directs the Clerk to enter judgment dismissing the case for lack of subject matter

jurisdiction.

Date: July 2, 2018

_____
MATTHEW F. KENNELLY
United States District Judge